# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JERRY-LEE QUARLES, | : | Case No. 2:24-cv-3963 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| CITY OF ZAINESVILLE, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, Jerry-Lee Quarles, a resident of Zanesville, Ohio, brings this pro se civil rights action against the City of Zanesville, the Zanesville Police Department (ZPD), Officer J. Gerhardt (alternatively spelled "Gerhagah"), and Officer W. Barron.  Plaintiff alleges that his civil rights were violated during his arrest on August 20, 2024.  (Doc. 1-1).  The Court understands the complaint to be filed under 42 U.S.C. § 1983.  *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is currently before the Court for a *sua sponte* review of Plaintiff's Complaint (Doc. 1-1) to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71

2

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

   **B.**  **Allegations in the Complaint**

Plaintiff alleges that on August 20, 2024, he was travelling on a motorcycle. After turning onto a street, Plaintiff alleges that he heard sirens, saw a police car in his mirror, and then pulled over. Plaintiff alleges that Defendant Officers Gerhardt and Barron approached him in a hostile manner and demanded that he turn off his motorcycle. (Doc. 1-1, at PageID 4).

Plaintiff asserts that he turned off his bike and that Gerhardt proceeded to take the keys out of the ignition without Plaintiff's consent. Plaintiff alleges that he demanded to speak to a sergeant or captain but his request was denied. He further alleges that Gerhardt asked Plaintiff about his license plate and Plaintiff informed him that he was not traveling in commerce and was

not required by law to have one.  Gerhardt allegedly responded that Plaintiff was incorrect and asked to see Plaintiff's identification.  Plaintiff responded that, unless a crime was committed, he was not required by law to provide his identification.  Plaintiff then asked Defendant Officers to identify themselves but they allegedly refused.  Plaintiff alleges that when Gerhardt again asked him for identification he reiterated that he was not required to present his identification.  (Doc. 1-1, at PageID 5).

Plaintiff alleges that Gerhardt then told him to put his hands behind his back and stated that he was under arrest for failure to identify.  Gerhard then reached into Plaintiff's pocket and removed Plaintiff's wallet with his identification inside.  Plaintiff was placed in the back of the cruiser and was told that if he did not sign the ticket he would be taken to jail to ensure his appearance.  Plaintiff apparently refused, stating that he could not be forced into any contracts with the state under threat of arrest or coercion.  Gerhardt allegedly responded that Plaintiff could tell that to a judge.  (*Id*.).

Plaintiff alleges that he was then transported to the Zanesville City Jail.  During the booking process, Plaintiff was given an "O.R." bond form.  Plaintiff states that Defendant Officer Barron told the intake officer to take Plaintiff's papers as he was signing them.  Plaintiff allegedly stated that they could not interfere with any contract with the state.  The intake officer, who is not named as a defendant, allegedly responded that if Plaintiff did not surrender the documents they would charge him with resisting arrest.  The intake officer then allegedly took the papers and placed Plaintiff in a holding cell.  Plaintiff states that after about fifteen minutes, he demanded to speak with a supervisor, who released him and gave him the O.R. bond form.  (*Id*.).

Although not addressed by Plaintiff, a review of the Zanesville Municipal Court website reveals that on September 16, 2024, the City of Zanesville Prosecuting Attorney entered a Nolle Prosequi in Case No. CRB 2400875, dismissing the failure-to-identify-charge with prejudice. On November 5, 2024, Plaintiff pled guilty in Case No. TRD2401581B to the failure-to-display-plates charge and paid a $15 fine.[1]

For relief, Plaintiff seeks monetary damages. (Doc. 1-1, at PageID 7).

**C.    Analysis**

Based on the above allegations, Plaintiff asserts the following thirteen claims: "Abuse of Power" (Count 1); "Arrest for an Unarrestable Offense" (Count 2); "Interfering between Government Contracts" (Count 3); "Deprivation of Rights under Color of Law" (Count 4); "Unlawful Detention and Excessive Force" (Count 5); "Due Process Violations" (Count 6); "*Monell* Claim against City of Zanesville and ZPD" (Count 7); "Violation of Right to Travel" (Count 8); "Conversion of Liberty to Privilege" (Count 9); "Fairness of Jury Selection" (Count 10); "Threat of Arrest and Coercion" (Count 11); "Unlawful Seizure of Property" (Count 12); and "Emotional and Psychological Impact and Loss of Employment" (Count 13).

Because Plaintiff fails to plead sufficient facts that, if accepted as true, would state a facially plausible federal claim, the Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

   a.    ***Heck* Doctrine Inapplicable**

As an initial matter, the Court notes that the doctrine announced under *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a civil rights lawsuit is barred if it would

---

[1]Viewed at: https://caselook.zanesvillemunicipalcourt.org/search/6020?accept=m4p8d31a2w07f7ue3li5747052c03ea5rvg08da9s98461104gul4m33e5ibq405, under Plaintiff's name.

necessarily imply the invalidity of a plaintiff's prior criminal conviction or sentence, unless the plaintiff establishes that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus," *id*. at 512 U.S.486-87, does not bar consideration of Plaintiff's claims.

Because Plaintiff's failure-to-display-plates charge did not result in incarceration, *see Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *1 (6th Cir. September 28, 1999), and his failure-to-identify charge was nolle prosed, *Heck* is inapplicable. The Court further notes, in this regard, that "[a]n arrest grounded in probable cause does not become invalid merely because the State chooses not to prosecute the individual or a jury opts for acquittal." *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004).

      **b.**      **Count 1—Abuse of Power**

Plaintiff alleges that Defendant Officers "abused their power by using emergency lights and sirens without cause, leading to Plaintiff's unlawful detention." (Doc. 1-1, at PageID 5). The Court understands Plaintiff to be raising Count 1 under the Fourth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961) (noting that the Fourth Amendment protects an individual's right to be free from an unreasonable search or seizure).

This Court has recently explained:

> A traffic stop may be considered reasonable "so long as the officer has probable cause to believe that the motorist has violated the traffic law." *U.S. v. Tubbs-Smith*, 800 F. App'x. 349, 352 (6th Cir. 2020) (quoting *U.S. v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008)). Whether an officer has probable cause to believe that a traffic violation has been committed depends on whether they "have reasonable grounds for belief supported by more than a mere suspicion." *Tubs-Smith*, 800 F. App'x. at 352 (citing *U.S. v. Jackson*, 470 F.3d 299, 30 (6th Cir. 2006)). An officer's observation of a traffic violation suffices to provide probable cause to stop a car for "any infraction, no matter how slight." *See Blair*, 524 F.3d at 748–49 (holding that the officer had probable cause to stop defendant for a tag light violation after being

unable to make out the tag because the operating lamp was not working); *but see State v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000) (concluding that observing a motor home partially weave into the emergency lane one time did not provide probable cause that a traffic violation occurred). Offered explanations for committing the traffic violation do not necessarily negate the officer's probable cause nor render the subsequent stop unlawful. *U.S. v. Sanford*, 476 F.3d 391, 395–96 (6th Cir. 2007) (officer had probable cause to conduct a traffic stop after observing the car drive within ten feet of the one in front of it for a moment while waiting for another car to pass in the left lane).

*El-Bey v. Wallace*, No. 2:21-CV-00389, 2023 WL 1857797, at *9 (S.D. Ohio Feb. 9, 2023).

Furthermore,

It is well established that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred." *Whren*, 517 U.S. at 810. Probable cause exists where the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in believing . . . that the suspect committed, is committing, or is about to commit an offense." *Smith v. City of Wyoming*, 821 F.3d 697, 715 (6th Cir. 2016) (quoting *Mich. v. DeFillippo*, 443 U.S. 31, 37 (1979)).

*Id*.

Plaintiff has failed to plead a plausible claim that the traffic stop by Defendant Officers constituted a violation of the Fourth Amendment. In the Complaint, Plaintiff admits that he was driving his motorcycle without a license plate (*id*. at PageID 5) in violation of Ohio law. *See* Ohio Rev. Code § 4503.21(A)(1) ("No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the rear of the motor vehicle a license plate[.]"); City of Zanesville Ordinance § 335.09(a)(1). Ohio law makes violation of this section a minor misdemeanor. Ohio Rev. Code § 4503.21(B); City of Zanesville Ordinance § 335.09(b)(1). Therefore, the initial traffic stop does not constitute a constitutional violation, and Count 1 should be dismissed.

    **c.    Count 2—Arrest for an Unarrestable Offense**

In Count 2, Plaintiff alleges that he "was arrested for an offense that did not warrant

7

arrest, violating his constitutional rights." (Doc. 1-1, at PageID 6).  Plaintiff is incorrect.

As set forth above, the crime for which Plaintiff was initially stopped—failure to display a license plate—was a minor misdemeanor.  Although officers should generally not arrest an individual for a minor misdemeanor, an exception exists where "[t]he offender cannot or will not offer satisfactory evidence of his identity."  Ohio Revised Code § 2935.26(A)(2).  *See also United States v. Smith*, 601 F.3d 530, 542 (6th Cir. 2010) (noting that it is appropriate for officers to "check . . . whether [the plaintiff] had valid identification" after stopping him).  Additionally, the U.S. Supreme Court has held that a full custodial arrest for a traffic offense punishable only by a fine does not violate the Fourth Amendment.  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

Moreover, Ohio law requires someone to provide their "name, address, or date of birth" to an officer when an officer "reasonably suspects . . . [t]he person is committing, has committed, or is about to commit a criminal offense."  *See* Ohio Rev. Code § 2921.29(A)(1); *see also* City of Zanesville Ordinance 525.18(a)(1).  Violation of this section is a fourth degree misdemeanor.  *See* Ohio Rev. Code § 2921.29(A)(1); *see also* City of Zanesville Ordinance 525.18(a)(1).  Officers may arrest an individual for a fourth degree misdemeanor.  *Wheeler v. Newell*, No. 3:09CV00358, 2009 WL 3720663, at *4 n.3 (N.D. Ohio Nov. 5, 2009).

Because Plaintiff admits that he failed to display a license plate as required by Ohio law, it follows that Plaintiff was in violation of Ohio law when he refused to provide identification.  At this point, Plaintiff was committing a misdemeanor in the presents of Defendant Officers and they had probable cause to arrest him.  *See McIntyre v. Love*, No. 2:23-CV-679, 2023 WL 5955718, at *7 (S.D. Ohio Sept. 13, 2023) (citing *United States v. Jones*, 55 F.4th 496, 500 (6th Cir. 2022)); *see also Cleveland Metroparks v. Sferra,* No. 106341, 2018 WL 3814973, at *4

(Aug. 9, 2018) (affirming appellant's conviction for failure to provide personal information under Ohio Rev. Code § 2921.29 where he was cited for operating a watercraft after sunset, a minor misdemeanor, *see* Ohio Rev. Code § 1547.99(C), and repeatedly refused to provide identification). Count 2 should be dismissed.

        **d.**        **Count 3—Interfering between Government Contracts**

In Count 3, Plaintiff alleges that "Defendants interfered with government contracts under color of law." (Doc. 1-1, at PageID 6). Although not entirely clear, the Court understands Count 3 to allege that Defendant Officers interfered with his application for bond. Plaintiff alleges in the Complaint that "Officer Barron told the intake officer to take Plaintiff's papers as he was signing them," that "[t]he intake officer told plaintiff that if he did not surrender the documents, they would charge him with resisting arrest," and that "[t]he intake officer took the documents and placed Plaintiff in a holding cell for no reason." (Doc. 1-1, at PageID 5).

To state a Contracts Clause claim, "a plaintiff must demonstrate that a change in state law has operated as a substantial impairment of a contractual relationship." *Mascio v. Pub. Employees Ret. Sys. of Ohio*, 160 F.3d 310, 313 (6th Cir. 1998) (internal citations and quotations omitted). Here, Plaintiff has not identified a change in state law or any substantial impairment to a contract. In fact, Plaintiff acknowledges that "[a]fter about fifteen minutes," he was released with the O.R. Bond Form. (Doc. 1-1, at PageID 5). Because Plaintiff has failed to state a plausible interference with contract claim, Count 3 should be dismissed.

        **e.**        **Count 4--"Deprivation of Rights under Color of Law"**

In Count 4, Plaintiff alleges that "Defendants willfully deprived Plaintiff of his rights under color of state law." (Doc. 1-1, at PageID 6). This allegation is entirely conclusory. Plaintiff's conclusory assertion is precisely the type of legal conclusion couched as a factual

9

allegation that does not pass muster under *Twombly* or *Iqbal*. Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, Count 4 is subject to dismissal.

      **f.**      **Count 5--"Unlawful Detention and Excessive Force"**

In Count 5, Plaintiff alleges that he was "unlawfully detained and subjected to excessive force by Defendants." (Doc. 1-1, at PageID 6). For the reasons set forth above in considering Counts 1 and 2, Plaintiff has not alleged facts supporting a plausible Fourth Amendment false-arrest claim. Further, his alleged fifteen-minute wait before being released on an O.R. bond fails to support a plausible unreasonable-delay claim. *See Lopez-Lopez v. Cty. of Allegan*, 321 F. Supp. 3d 794, 802 (W.D. Mich. 2018) (citing cases).

Plaintiff has also failed to plead facts from which the Court can infer a plausible excessive-force claim. *See, e.g., Herron v. Barlow*, No. 15-2145, 2016 WL 1448883, *3 (W.D. Tenn. Apr. 12, 2016) (finding that the plaintiff failed to plead a plausible Fourth Amendment excessive-force claim where he failed to "specify the precise actions taken by each individual Defendant"). Accordingly, Count 5 should be dismissed.

      **g.**      **Count 6—"Due Process Violations"**

In Count 6, Plaintiff alleges that "Defendants violated [his] due process rights." (Doc. 1-1, at PageID 6). As with Count 4, this allegation is entirely conclusory. Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, Count 6 is subject to dismissal.

      **h.**      **Count 7—Claims against the City of Zanesville and the ZPD**

Plaintiff has failed to state a claim upon which relief can be granted against the City of Zanesville or the ZPD.

As this Court has previously explained:

> "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

*Kilkenny v. Gabriel*, No. 2:19-CV-3661, 2019 WL 4601856, at *3 (S.D. Ohio Sept. 23, 2019), *report and recommendation adopted*, No. 2:19-CV-3661, 2019 WL 6609211 (S.D. Ohio Dec. 5, 2019).

> Further, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson,* 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). In order to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)).

*Id*.

Because Plaintiff has not plausibly pled facts demonstrating the existence of a policy or custom of inadequate training or supervision, or that the ZPD ignored a history of abuse or was clearly on notice that its training was deficient and likely to lead to civil-rights violations, Plaintiff fails to state a *Monell* claim against the City of Zanesville or the ZPD.

Furthermore, because "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity," *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), Plaintiff has also failed to state a claim upon which relief can be granted against the

11

individual Defendants in their official capacities. Count 7 should be dismissed.

   i.  **Count 8—"Violation of Right to Travel"**

In Count 8, Plaintiff alleges, "Defendants violated [his] right to travel freely." (Doc. 1-1, at PageID 6). However, "[t]raffic citations for offenses while driving an automobile in violation of the law do not impinge upon a person's constitutional right to travel." *Estell El ex rel. Whitaker v. City of Greensboro, N.C.*, No. 1:22-CV-48, 2022 WL 2915473, at *2 (M.D.N.C. July 12, 2022), *aff'd,* No. 22-1790, 2022 WL 17581957 (4th Cir. Dec. 12, 2022) (citing *Steven Ray Murphy v. Ryan Koster,* No. 5:10 CV 2095, 2010 WL 5147215, at *5 (N.D. Ohio Dec. 13, 2000)). Furthermore, "[d]etention supported by probable cause and the imposition of subsequent bond conditions does not violate the detainee's right to travel merely because it prevents him from leaving the state." *Id*. (citing *Jones v. Helms*, 452 U.S. 412, 419 (1981)). As Plaintiff admitted guilt of the traffic offenses he was stopped and arrested for, Count 8 fails to state a claim upon which relief can be granted and should be dismissed.

   j.  **Count 9—"Conversion of Liberty to Privilege"**

In Count 9, Plaintiff alleges, "Defendants converted [his] liberty to a privilege, violating his constitutional rights." Aside from the fact that this claim is utterly conclusory, *see Twombly*, 550 U.S. at 555, the Constitution does not give Plaintiff the right to travel in a manner without regulation. *See Byndon v. Pugh*, 350 F. Supp. 3d 495, 510 (N.D. W. Va. 2018). Count 9 should be dismissed.

   k.  **Count 10—"Fairness of Jury Selection"**

In Count 10, Plaintiff alleges that he "was subjected to unfair jury selection, violating his right to a fair trial." (Doc. 1-1, at PageID 7). However, Plaintiff has not pled facts showing that he went to a jury trial on the challenged offenses. And, as set forth above, the Zanesville

Municipal Court website reveals that he pled guilty to the license plate offense and the failure to disclose offense was dismissed. In any event, because his minor misdemeanor traffic-violation conviction was not punishable by imprisonment under Ohio law, the Sixth Amendment's constitutional right to a jury trial does not attach. *United States v. Stansell,* 847 F.2d 609, 611 (9th Cir. 1988) (citing cases); *see also* Ohio Crim. R. 4.1(B) (setting forth penalties for minor misdemeanors); Ohio Rev. Code § 2901.02(G) (same). Accordingly, Count 10 should be dismissed.

        l.        **Count 11—"Threat of Arrest and Coercion"**

In Count 11, Plaintiff alleges, "Defendants threatened [him] with arrest and coerced him into signing a contract." (Doc. 1-1, at PageID 7). This claim is too conclusory to warrant relief. *Twombly*, 550 U.S. at 555. Plaintiff alleges merely that Defendant Officers warned him that if he did not sign the ticket he would be taken to jail to ensure his appearance. (Doc. 1-1, at PageID 5). Such allegation are insufficient to invoke the constitution. *Cf. Addlespurger v. Corbett*, No. 2:09CV1064, 2011 WL 3418975, at *10 (W.D. Pa. Aug. 1, 2011), *aff'd*, 461 F. App'x 82 (3d Cir. 2012) (finding the plaintiff's "assertion that his signing of bond papers in order to obtain release was coerced and brought about under physical threat or force [to be] incredible" and noting "[a]ssuming the accuracy of this assertion, [the] plaintiff apparently preferred to remain incarcerated under circumstances that he believed were unlawful and unjust rather than to sign a paper voluntarily that would lead to his immediate release. Such fanciful allegations provide insufficient grounds for maintaining a lawsuit.") (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Count 11 should be dismissed.

### m. Count 12—Unlawful Seizure of Property

In Count 12, Plaintiff alleges that "[his] property was unlawfully seized by Defendants." (Doc. 1-1, at PageID 7). As with Counts 4, 6, and 10, this allegation is entirely conclusory. Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, Count 12 is subject to dismissal. Moreover, pursuant to "'community caretaking functions,' and in the interests of public safety, police officers frequently assume custody of automobiles." *Bybee v. City of Paducah,* 46 F. App'x 735, 737 (6th Cir.2002) (citing *South Dakota v. Opperman,* 428 U.S. 364, 368 (1976)). *See also Mechler v. Hodges,* No. C–1–02–948, 2005 WL 1406102 at *16 (S.D. Ohio 2005) ("The Fourth Amendment does not require a police officer to allow an arrested person to arrange for another person to pick up his car to avoid impoundment."). Count 12 should, therefore, be dismissed.

### n. Count 13—Emotional and Psychological Impact and Loss of Employment

In Count 13, Plaintiff alleges that he "suffered emotional and psychological impact and loss of employment due to Defendants' actions." (Doc. 1-1, at PageID 7). The Court liberally construes this Count to raise a state-law intentional or negligent infliction of emotional distress claim.

With no federal claims proceeding, the Court should decline to exercise supplemental jurisdiction over any state-law claims Plaintiff might be alleging. *Cf. Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23-677, ––– U.S. ––––, 2025 WL 96212, at *9 (U.S. Jan. 15, 2025) ("[W]ith any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."). Count 13 should therefore be dismissed.

According, in sum, Plaintiff's Complaint should be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's federal claims be **DISMISSED** for failure to state a claim upon which relief can be granted **with prejudice**, 28 U.S.C. § 1915(e)(2)(B), and that any state-law claims be **DISMISSED without prejudice**. It is further **RECOMMENDED** that any appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 7, 2025
<u>                    </u>

*s/ Elizabeth A. Preston Deavers*<u>            </u>
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge